IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RENEE GALLOWAY,
        Plaintiff,

v.                                                             Civil Action No. 3:19-cv-209

PRIORITY IMPORTS RICHMOND, LLC,
d/b/a PRIORITY TOYOTA RICHMOND,
        Defendant.

## OPINION

Weeks after Renee Galloway bought a new car from Priority Toyota Richmond, the dealership forced her to choose between agreeing to higher interest rates or returning her car. Galloway has sued Priority for violating various federal and state consumer protection statutes. Priority has moved to dismiss for lack of subject matter jurisdiction, citing the mediation and arbitration agreements in Galloway's contract. The Court heard argument on the motion on August 7, 2019. Following the hearing, the Court granted in part the motion insofar as it seeks to require the parties to attend mediation before the Better Business Bureau, and stayed the case for forty-five (45) days pending mediation. The parties shall file a status report by the end of the 45-day period. The Court now issues this Opinion to explain its reasoning.

## I. FACTS ALLEGED IN THE COMPLAINT

On May 18, 2018, Renee Galloway, an African-American woman, purchased and took possession of a 2018 Toyota Camry from Priority following a car accident. Galloway signed a retail installment sales contract ("Credit Contract") and a Buyer's Order form ("Buyer's Order"). Galloway agreed to pay a $3,000 down payment and 72 monthly payments of $572.68 at 8.49% interest. The Credit Contract contained the financing details and the Buyer's Order contained the mediation and arbitration agreements. The mediation agreement in the Buyer's Order provides:

> The Purchaser(s) and Dealer, (collectively, the "Parties") agree that should any Dispute (as defined below)[1] arise between the Parties, the Parties will first attempt to resolve the Dispute through nonbinding mediation conducted by a neutral third party prior to instituting any other legal action. Either of the Parties may initiate the mediation by contacting the organization named here [Better Business Bureau].
>
> The organization's Rules of Mediation then in effect shall determine the costs of the mediation services to be borne by each Party. Each Party will be responsible for its own expenses incurred in conjunction with the mediation, including any attorneys' fees. The mediation will be held in the locality where the Dealer is located unless the Parties agree otherwise.

(Dk. No. 11-2, at 1).

The Buyer's Order also sold and assigned the Credit Contract to the Toyota Motor Credit Corporation ("Toyota") and allowed Toyota to change Galloway's financing terms.

Two weeks later, Priority asked Galloway to return to the dealership to sign more paperwork, but Galloway did not go to the dealership. On June 6, 2018, Priority called Galloway again and asked her to return to the dealership to sign additional paperwork. When Galloway arrived, Priority told her that the Credit Contract was invalid and that "she could not drive her Camry off the lot unless she agreed to a much higher interest rate and higher payments." (Dk. No. 11, at ¶ 59.) Galloway refused the terms and returned the car to Priority.

On March 26, 2019, Galloway filed this suit alleging (1) a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(a); (2) a violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d); (3) fraud; (4) a violation of the Virginia Consumer Protection Act ("VCPA"), Va. Code. § 59.1-200; (5) a claim under 42 U.S.C. § 1983; (6) conversion; and (7) a violation of

---

[1] The Buyer's Order defines a dispute as "any question as to whether something must be arbitrated and the terms of the arbitration, as well as any allegation concerning a violation of a state or federal statute that may be the subject of binding arbitration, any monetary claim, whether contract, tort, or other, arising from the negotiation of and terms of the Buyer's Order . . . or any retail installment sale contract or lease (but this arbitration agreement does not apply to and shall not be binding on any assignee thereof)." (Dk. No. 11-2, at 2.)

2

the Uniform Commercial Code ("UCC"), Va. Code § 8.9A-625. Priority has filed a motion to dismiss all counts for lack of subject matter jurisdiction, invoking the mediation and arbitration provisions of the Buyer's Order.

## II. DISCUSSION

A motion under Rule 12(b)(1) tests the Court's subject matter jurisdiction. Priority argues that the Court lacks subject matter jurisdiction because Galloway failed to proceed to mediation, a condition precedent to filing suit under the Buyer's Order.[2]

Because Priority challenges the Court's "very power to hear the case," the Court may "weigh the evidence to determine the existence of jurisdiction." *Dominion Transmission, Inc. v. Precision Pipeline, Inc.*, No. 3:13cv442, 2013 WL 5962939, at *2-3 (E.D. Va. Nov. 6, 2013). In *Precision Pipeline*, the Court held that "[a] plaintiff's failure to comply with the terms of a contract prior to bringing suit may affect the plaintiff's ability to bring the suit, but it does not affect whether the district court possesses the power to hear the case." *Id.* at *3. The Court, therefore, has jurisdiction to hear the case regarding the mediation provision, but must decide whether Galloway failed to satisfy a condition precedent to attend mediation, and if so, whether to stay or dismiss the case.

### *A. Mediation Provision*

Galloway argues that the mediation agreement is a contract of adhesion and therefore procedurally unconscionable. She also says that the mediation agreement is substantively unconscionable because it waives her statutory rights to attorney's fees.[3]

---

[2] Priority also argues that the Court lacks subject matter jurisdiction because the Buyer's Order contains a mandatory arbitration provision. The Court reserves ruling on that issue.
[3] TILA, ECOA, and the VCPA contain fee-shifting provisions.

3

"Unconscionability has both a substantive and procedural element. The former requires a gross disparity in the value exchanged. The latter necessitates inequity and bad faith in 'the accompanying incidents . . ., such as concealments, misrepresentations, undue advantage, oppressions on the part of the one who obtains the benefit, or ignorance, weakness of mind, sickness, old age, incapacity, pecuniary necessities, and the like." *Lee v. Fairfax Cty. Sch. Bd.*, 621 F. App'x 761, 763 (4th Cir. 2015). Put another way, procedural unconscionability involves "an absence of meaningful choice on the part of one of the parties." *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 292-93 (4th Cir. 1989). Substantive unconscionability involves terms that "are unreasonably favorable to the other party." *Id.*

"Unconscionability is a narrow doctrine whereby the challenged contract must be one which no reasonable person would enter into, and the 'inequality must be so gross as to shock the conscience.'" *Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 305 (4th Cir. 2001) (quoting *L&E Corp. v. Days Inns of Am., Inc.*, 992 F.2d 55, 59 (4th Cir. 1993)). A contract is unconscionable when it is "such as no man in his senses and not under delusion would make on the one hand, and as no honest and fair man would accept on the other." *Chaplain v. Chaplain*, 54 Va. App. 762, 773, 682 S.E.2d 108, 113 (2009).

To the extent Galloway argues that the mediation provision is procedurally unconscionable because it constitutes a contract of adhesion, that alone does not invalidate the provision. While "[a] contract of adhesion may suggest that a degree of procedural unconscionability exists . . . [it is] not per se unconscionable; courts also must look to the substance of the agreement." *Sanders v. Certified Car Ctr., Inc.*, 93 Va. Cir. 404, 406 (2016). A mediation agreement's waiver of attorney's fees also does not constitute substantive unconscionability. Galloway must meet a high

to show unconscionability, and she has not shown that no sensible person would agree to the mediation provision or that it shocks the conscience.[4]

Accordingly, the Court will grant in part Priority's motion, and will require the parties to attend mediation before the Better Business Bureau before proceeding with this litigation. Because the Court has broad discretion to either stay or dismiss a case when confronted with a plaintiff's failure to comply with a condition precedent, the Court will stay this matter for 45 days. *See Precision Pipeline*, 2013 WL 5962939 at *4.

### *B. Arbitration Provision*

At the hearing on the motion to dismiss, counsel for Priority admitted that Galloway can recover attorney's fees during arbitration if the arbitrator awards those fees "under applicable law." During the hearing, the Court directly asked that question to counsel for Priority:

> THE COURT: If I read the arbitration agreement in this case it really is not a waiver of a right to attorney's fees, is it?
>
> MR. WEISS: It's not, Your Honor.
>
> THE COURT: It says they can get attorney's fees if they are entitled to under the applicable statute.
>
> MR. WEISS: Yes.

(Dk. No. 22, at 8:21-9:2). Under the doctrine of judicial estoppel, Priority may not make any future arguments that Galloway cannot receive attorney's fees if an arbitrator awards her those fees under applicable law. *See John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (1995) ("Judicial estoppel precludes a party from adopting a position that is inconsistent with a

---

[4] In her response brief, Galloway also argues that the mediation agreement is an illusory promise and against public policy because it violates the VCPA. The Court does not find those arguments persuasive.

stance taken in prior litigation."). In all other respects, the Court reserves ruling on the arbitration provision.

### III. CONCLUSION

For these reasons, the Court will grant in part Priority's motion to dismiss insofar as it requires the parties to engage in mediation. The parties must proceed to mediation before the Better Business Bureau, and the Court will stay the case for 45 days pending mediation. The parties shall file a status report at the end of the 45-day period. The Court reserves ruling on the effect of the arbitration provision on this Court's subject matter jurisdiction.

The Court issued an order on August 7, 2019, granting in part the defendant's motion and staying this case for 45 days. (Dk. No. 21).

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 10 September 2019
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

6